NO. 22-12528

---

## IN THE UNITED STATES DISTRICT COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

### JUDITH COHEN,
*PLAINTIFF-APPELLANT*

*V.*

### ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION
*DEFENDANTS*

### APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
### CIVIL DOCKET FOR CASE: 9:20-MD-02924-RLR

---

## APPELLANT'S EMERGENCY MOTION RESPECTFULLY REQUESTING IMMEDIATE RECONSIDERATION OF THE COURT'S DECISION THAT PLAINTIFFS/LITIGANTS NEED TO EXIT THE SUBJECT LITIGATION

---

*Judith Cohen, Pro Se*
*758 Walnut Street*
*Paramus, NJ 07652*
*201-447-1337*

Re: <u>**Zantac Litigation MDL #2924 LMI#797386**</u>
<u>***Pro Se Submission of Judith Cohen***</u>

In order to prevent irreparable harm, Judith Cohen, *Pro Se* Appellant in the captioned litigation, hereby submits the following Motion requesting the immediate reconsideration of the Court's Decision that plaintiffs/litigants need to exit the subject litigation.

"Plaintiffs/Litigants cannot be exited from the litigation, including those with Non-Designated Cancers until all appeals are heard. Furthermore, any exited litigant will have the right to rejoin the lawsuit and be notified of this option."

Plaintiffs and **Defendants**' attorneys who have a powerful influence on the course of litigation have eliminated many of the plaintiffs from the MDL as did happen here including but not limited to having **Defendants** exit me from the case. Other Plaintiffs are being exited and the tolling of the statute of limitations eliminated after a brief period of time.

Below is a quote from an attorney objecting:

> And PTO 79 cannot revise PTO 15 to reflect that private, undisclosed agreement years after claimants accepted the bargain it offered. Prior to last week, no objective attorney would or did advise his clients that, under PTO 15, the statute of limitations continued to run through expiration, leaving a short grace period to file a claim once tolling ceased. Yet based on the putative agreement of "Plaintiffs and Brand Defendants," that is precisely the construction this Court gave to the benefit of "tolling," mere weeks before Movants will, on that erroneous construction, be forced to file their claims. PTO 79 ¶ 7. Movants justifiably relied

on the truism that tolling means tolling, not grace period. They cannot retroactively have the benefit of their bargain wrenched away because Brand Defendants (and Leadership) negotiated a secret definition of a legal term. Contemporaneously with the filing of PTO 72, <u>Plaintiffs' Senior Leadership entered an agreement with Defendants' Co-Lead Counsel (the "Agreement"). In the Agreement, Plaintiffs' Senior Leadership "agree[d] not to file" more than sixty-five actions in state court, but only "[i]n consideration for the tolling agreements provided by Brand Defendants set forth in paragraph 3 of the agreement]."</u>

Last week the Court issued PTO 79. That order upends the tolling agreement upon which tens of thousands of claimants have relied. The Court titled the Order "Modifications to Registry Timelines" and, in the first paragraph, declared that the Order "modified certain deadlines set forth in Pretrial Order #72 and Pretrial Order #15[.]"

PTO 79 at 1. Paragraph 7 of the Order is most important for this motion: Tolling Calculation. Pretrial Order # 74 recognized that there are an increasing number of pro se Registry Participants, who need to determine whether to remain in the Registry with its tolling or to opt-out and exit the Registry. The Court therefore takes this opportunity to inform all Registry Participants that the Plaintiffs and the Brand Defendants have agreed how the tolling provision in Pretrial Order # 15 applies, as follows:

> While a Registry Participant is (or was) in the Registry, all statutes of limitations applicable to his or her claims continue (or continued) to run. However, if any applicable statute of limitations that was tolled under Pretrial Order # 15 would have expired while the Registry Participant is (or was) in the Registry, then (under Pretrial Order # 15) that statute of limitations does not expire (or did not expire) until 90 days after exit from the Registry. Under this Order, this 90-day period is now changed to 60 days for Registry Participants exited from the Registry on or after July 1, 2022, who allege a Designated Cancer and do not become a Certified Federal Participant.

In addition to the above, I filed a motion on June 13, 2022 asking "to get reinstated breast cancer (and any other cancer such as prostate, colon, lung, and kidney) that were dropped from the MDL and to add bellwether trials for these cancers. Judge Rosenberg in her answer stated that she would address the Non-Designated Caners after the Dauber Hearings which is not an unreasonable answer. On July 11, 2022, I received an email from Litigation Management Inc. (zanclaimants@lmiweb.com) stating "you are removed and existed from the Registry as of the date of this email." It appears that Judge Rosenberg was unaware of PTO 15 but believes that the number of litigants must be reduced at any cost including the loss of due process. The Plaintiffs' attorneys have violated their fiduciary responsibility to the litigants (possibly Honest Service Fraud although most MDL operated in the same manner) by engaging in quid pro quo with Defendants and their attorneys.

For the above stated reasons, I respectfully request Court's immediate reconsideration of its Decision that plaintiffs/litigants need to exit the subject litigation.

Dated:      October 25, 2022

*Respectfully Submitted*

*Judith Cohen*

3

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

**Type-Volume Limit, Typeface Requirements, and Type-Style Requirements**

I hereby certify that:

1. This document complies with the word limited of Fed. R. App. P. Local Rule 32.1(a)(4)(A) because, excluding those parts of this document exempted by Fed. R. App. P. 32(f), this document contains 780 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font size in Times New Roman.

Dated:      New York, New York
            October 25, 2022

            *Judith Cohen*

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT (CIP)

**Judith Cohen** *vs.* 9:20-md-02924-RLR (Zantac) Appeal No. **22-12528**

11th Cir. R. 26.1-1(a) (enclosed) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

*(please type or print legibly)*:

Cohen Raymond

Rosenberg Judge Robin

Sanofi SA (Symbol SNY)

Zantac Litigation, Leadership

Rev.: 12/19